UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES INSTITUTE OF PEACE,<br><br>Defendant. | Civil Action No. 25-4479 (JMC) |

## **ANSWER**

Defendant the United States Institute of Peace ("Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiffs' Complaint (ECF No. 1) filed in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. Defendant expressly denies all allegations in the Complaint that are not specifically or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs[1] as follows:

## **COMPLAINT**

1.    This paragraph consists of Plaintiffs' characterization of the present action to which no response is required. To the extent that a response is deemed required, Defendant admits that it received Plaintiffs' FOIA requests and had not issued final determinations or produced records as of the filing of the Complaint, and otherwise denies the allegations in this paragraph.

## **PARTIES**

2.    Defendant lacks sufficient knowledge or information to form a belief as to the truth

---

[1]    Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

of the allegations contained in this paragraph.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant admits that it is a federal agency within the meaning of the FOIA.

### JURISDICTION AND VENUE

5. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

### MARCH 18, 2025 FOIA REQUEST TO USIP

7. Defendant admits that it received a FOIA request from Plaintiff dated March 18, 2025. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. Defendant admits that Exhibit 1 to the Complaint is the March 18, 2025 FOIA request that it received.

9. Defendant admits that Plaintiffs sent the May 22, 2025, email included in Exhibit 1 to the Complaint. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Defendant admits that Plaintiffs sent the June 6, 2025, email included in Exhibit 1 to the Complaint. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits that it sent Plaintiffs an acknowledgement letter dated June 10,

2025. Defendant respectfully refers the Court to the June 10, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that the document attached as Exhibit 2 to the Complaint is the June 10, 2025 letter.

13. Admit.

14. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not made a final determination regarding Plaintiff's March 18, 2025 FOIA requests.

15. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not produced records in response to Plaintiff's March 18, 2025 FOIA requests.

## JUNE 24, 2025 FOIA REQUEST TO USIP

16. Defendant admits that it received a FOIA request from Plaintiff dated June 24, 2025. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits that Exhibit 3 to the Complaint is the June 24, 2025 FOIA request that it received.

18. Admit.

19. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not made a final determination regarding Plaintiff's June 24, 2025 FOIA requests.

20. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not produced records in response to Plaintiff's June 24, 2025 FOIA requests.

**COUNT I – USIP'S FOIA VIOLATION**
**MARCH 18, 2025 FOIA REQUEST**

21.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

22.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

23.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

24.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

25.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not made a final determination regarding Plaintiff's March 18, 2025 FOIA requests.

27.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not produced records in response to Plaintiff's March 18, 2025 FOIA requests.

**COUNT II – USIP'S FOIA VIOLATION**
**JUNE 24, 2025 FOIA REQUEST**

28.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

29.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

30.     This paragraph consists of conclusions of law to which no response is required. To

the extent a response is required, Defendant admits the allegations in this paragraph.

31.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

32.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

33.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not made a final determination regarding Plaintiff's June 24, 2025  FOIA requests.

34.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the date of the Complaint it had not produced records in response to Plaintiff's June 24, 2025 FOIA requests.

* * *

The unnumbered WHEREFORE paragraph following Paragraph 34 of the Complaint consists of Plaintiff's request for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief or to any relief whatsoever.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to

Federal Rules of Civil Procedure 8 and 12.

## FIRST DEFENSE

The Complaint should be dismissed to the extent the FOIA request at issue, in whole or in part, fails to reasonably describe the records sought or would be unduly burdensome to process.

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under the FOIA. 5 U.S.C. § 552(b).

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: April 1, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       /s/ *Sian Jones*
      SIAN JONES, D.C. Bar # 1024062
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      Phone: (202) 252-2578

*Attorneys for the United States of America*